1   S. Ryan Patterson (State Bar No. 279474)
2   WILSON, ELSER, MOSKOWITZ,
    EDELMAN & DICKER LLP
3   555 S. Flower Street, Suite 2900
4   Los Angeles, CA 90071
    Telephone: (213) 443-5100
5   Facsimile: (213) 443-5101
    Email: ryan.patterson@wilsonelser.com
6
7   Attorneys for Defendant Quizlet, Inc.

8                UNITED STATES DISTRICT COURT
9                CENTRAL DISTRICT OF CALIFORNIA
10

11                                      Case No.: 2:25-MC-10
12
13                                      **DEFENDANT QUIZLET INC.'S**
                                        **MOTION TO QUASH**
14                                      **PLAINTIFF'S DMCA § 512(h)**
                                        **SUBPOENA**
15  In the Matter of the Application of
    Barkley & Associates Inc.
16                                      [*Filed concurrently with Notice of*
17                                      *Motion, Declaration of S. Ryan*
                                        *Patterson, and* [*Proposed*] *Order*]
18
19
20
21
22
23
24
25
26
27
28

DEFENDANT'S MOTION TO QUASH PLAINTIFF'S DMCA § 512(h) SUBPOENA

# TABLE OF CONTENTS

I.      INTRODUCTION......................................................................................1

II.     BACKGROUND.........................................................................................2

III.    ARGUMENT ..............................................................................................6

   A.   The Subpoena and Declaration are full of perjurious statements and
        should not be enforced. ......................................................................6

   B.   The Subpoena, purporting to be pursuant to 17 U.S.C. § 512(h), is
        directed to information not subject to that statute, a significant
        overreach and an attempt to circumvent Judge Hsu's Order. ..................8

   C.   The Court should grant Quizlet' Motion to Quash because the users'
        identities are protected by the First Amendment. ...................................11

      1.   Barkley & Associates cannot demonstrate a *prima facie* case of
           copyright infringement on the merits.................................................12

      2.   The need for discovery does not outweigh the First Amendment
           interests. ..........................................................................................13

   D.   The Court should not enforce the Subpoena because the information
        sought constitutes Quizlet's trade secret.................................................14

IV.     CONCLUSION ..........................................................................................15

# TABLE OF AUTHORITIES

## CASES

*Arnold v. Cty. of El Dorado*, No. 2:10-CV-3119 KJM GGH, 2012 U.S. Dist. LEXIS 112398, 2012 WL 3276979, at *4 (E.D. Cal. Aug. 9, 2012)---------- 8

*Comedy III Prods., Inc. v. New Line Cinema*, 200 F.3d 593, 595 (9th Cir. 2000) -- 9

*Fink v. Gomez*, 239 F.3d 989, 991 (9th Cir. 2001) ------------------------------- 8

*In re Anonymous Online Speakers*, 661 F.3d 1168, 1173 (9th Cir. 2011)---------- 11

*In re DMCA § 512(H) Subpoena to Twitter, Inc*., 608 F. Supp. 3d at 876 ----- 11, 13

*In re DMCA Subpoena to eBay, Inc*., No. 15cv922-BEN-MDD, 2015 U.S. Dist. LEXIS 73341, at *10 (S.D. Cal. June 5, 2015) ------------------------------ 10

*In re Reddit, Inc*., 671 F. Supp. 3d 1022, 1025 (N.D. Cal. 2023) ------------------ 11

*In re Subpoena To: Reddit, Inc*., 2024 U.S. Dist. LEXIS 21754, *7 (N.D. Cal. February 7, 2024) ---------------------------------------------------------- 11

*Maximized Living, Inc. v. Google, Inc.,* 2011 U.S. Dist. LEXIS 147486, at *3 (N.D. Cal. Dec. 22, 2011) ---------------------------------------------------------- 10

*Polar Bear Productions, Inc. v. Timex Corp*., 384 F.3d 700, 721 (9th Cir. 2004) -- 9

*Reno v. Am. Civil Liberties Union*, 521 U.S. 844, 870, 117 S. Ct. 2329, 138 L. Ed. 2d 874 (1997)------------------------------------------------------------- 11

*Roadway Express, Inc. v. Piper*, 447 U.S. 752, 776 (1980)---------------------------- 8

*United States v. Blodgett*, 709 F.2d 608, 610 (9th Cir. 1983)------------------------ 8

*VBS Distribution v. Nutrivita Labs., Inc*., No. SACV 16-01553-CJC(DFMx), 2020 U.S. Dist. LEXIS 199775, at *8-9 (C.D. Cal. Sep. 28, 2020)--------------- 14

## OTHER AUTHORITIES

17 U.S.C. § 512(h)------------------------------------------------------------- 8

28 U.S.C. § 1927------------------------------------------------------------- 8

*Barkley and Associates Inc. v. Quizlet, Inc.* ----------------------------------------- 1

Digital Millennium Copyright Act ("DMCA")------------------------------------ passim

DEFENDANT'S MOTION TO QUASH PLAINTIFF'S DMCA § 512(h) SUBPOENA

1

## RULES

2      Fed. R. Civ. P ------------------------------------------------------------------- 6, 7

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

DEFENDANT'S MOTION TO QUASH PLAINTIFF'S DMCA § 512(h) SUBPOENA

# I.    INTRODUCTION

Quizlet, Inc. ("Quizlet" or "Defendant") respectfully requests that this Court quash a subpoena purportedly issued under the Digital Millennium Copyright Act ("DMCA") § 512(h) by Barkley & Associates, Inc. ("Barkley & Associates" or "Plaintiff") (together, the "Parties") and served on Quizlet on March 5, 2025 (the "Subpoena")[1].

The Subpoena seeks "information sufficient to identify the identity of the alleged infringers selling counterfeit products discussed in the attached declaration and Exhibit A." Dkt. 1-3, p. 1. That is the entirety of the disclosure of the requested information on the face of the Subpoena, and is also representative of the bulk of the Request to the Clerk for Issuance of Subpoena [Dkt. 1], the Declaration of Brian Tamsut in Support of the Request (the "Declaration") [Dkt.1-1], and Exhibit A to the Subpoena with the enumerated document requests. The requests seek information regarding "counterfeit products," a matter that falls squarely and solely in the trademark domain. However, the Subpoena was requested under the DMCA §512(h), which authorizes the discovery of information regarding alleged copyright infringers under certain circumstances. Trademark and copyright are not the same. Plaintiff's attempt to gain trademark information by dressing its request up as a copyright request is facially improper and is part of a pattern of harassment by Plaintiff against Quizlet in a co-pending case with similar issues, *Barkley and Associates Inc. v. Quizlet, Inc.*, Civil Action No.: 2:24-cv-5964 (the "05964 Case.").[2]

---

[1] Plaintiff did not serve the entirety of the Subpoena; it served 3 out of 17 pages only.

[2] Plaintiff failed to file a Statement of Related Cases along with its Request for Issuance of Subpoena, underscoring the impropriety of this matter. Quizlet filed a Notice of Related Cases in this matter on March 18, 2025 [Dkt. 4] and in the 05964 Case [05964 Case Dkt. 67].

DEFENDANT'S MOTION TO QUASH PLAINTIFF'S DMCA § 512(h) SUBPOENA

This is not the only deficiency from which the Subpoena suffers: (1) it is full of perjurious statements, (2) it is replete with severe overreaching, (3) it seeks relief that has already been denied Plaintiff by Judge Wesley Hsu in the 05964 Case, (4) it seeks information protected by the First Amendment, (5) it seeks information protected as Quizlet's trade secrets, and, (6) to the extent that it seeks information that may, at some point, be discoverable (which Quizlet vehemently denies), the information is not currently discoverable since the premise underlying the requests for information (*i.e.*, that there has been copyright infringement and trademark infringement) is currently being tried in the 05964 Case.

For all these reasons, as explained more fully below, the Court should quash the Subpoena.

## II.    BACKGROUND

This matter began long before Plaintiff filed the Subpoena purportedly under DMCA § 512(h). Plaintiff initiated the 05964 Case on July 16, 2024, alleging, *inter alia*, copyright infringement and trademark infringement on Quizlet's website, Quizlet.com. 05964 Case, Dkt. 1. The following is a brief summary of that matter to date, as is relevant to the Subpoena.

Plaintiff specializes in creating test preparation materials for graduate nursing students studying to become certified nurse practitioners. [*See*, 05964 Case, Dkt. 1.] It creates a variety of study materials, including printed study manuals, practice questions, digital study materials, recorded courses and more. *Id*. Quizlet provides online tools for memorization and study. [*See*, 05964 Case, Dkt. 27, Marrer Decl. ¶ 8.] Quizlet's services include a platform on which a suite of "study tools" is made available to students and teachers via desktop and mobile apps. One of the primary tools includes digital flashcards created and/or uploaded by third parties, predominantly students or teachers. This service is provided free on Quizlet's website. [*See*, *Id*. at ¶ 9-10.] Quizlet's service is available for any field of study, including math, literature, languages, science, social science, arts and

humanity, and many more. Quizlet does not offer the type of products offered by Plaintiff. [*See*, *Id.* ¶ 7.]

At least as early as February 2020, Plaintiff began notifying Quizlet via DMCA Takedown Notifications[3] that content posted on quizlet.com infringed Plaintiff's copyrights. [*See*, *Id.* at ¶ 30.] Plaintiff has engaged in the DMCA process with Quizlet at least fifteen times between 2020 and 2023. [*See*, *Id.* at ¶ 31.] Each time Quizlet received a proper and complete DMCA Takedown Notification from Plaintiff, Quizlet expeditiously removed the accused content from its website. [*See*, *Id.* at ¶ 32.] The content in the URLs included in each Takedown Notification corresponded to flashcards and was material uploaded by third parties. [*See*, *Id.* at ¶ 35-36.]

On May 2, 2024, Plaintiff sent a demand letter to Quizlet regarding alleged copyright and trademark infringement. [*See*, Declaration of Sarah Fink in 05964 Case, Dkt. 27-5, ¶ 4.] This was the first time that Plaintiff contacted Quizlet regarding any alleged infringement outside the context of the established DMCA Takedown procedure, and the first time that Plaintiff complained in any way about alleged trademark infringement. [*See*, 05964 Case, Dkt. 27, Marrer Decl. ¶ 42.]

In its Motion to Dismiss, as to copyright infringement, Quizlet argued that it qualifies for a safe harbor under the DMCA, and, as a strict matter of law, cannot be held liable for any injunctive relief or monetary damages for any copyright infringement committed by third parties on its website. The accused content was

---

[3] The DMCA provides a mechanism whereby a copyright owner may notify an internet platform of alleged copyright infringement on the platform. The Notification must meet certain requirements to be effective. If the internet platform acts "expeditiously" to remove that content, it is entitled to a "safe harbor" of the DMCA and cannot be held liable for this alleged copyright infringement. Quizlet has pled the affirmative defense of entitlement to that safe harbor in the 05964 Case, and that matter is part of a planned motion for summary judgment that will be filed by Quizlet.

DEFENDANT'S MOTION TO QUASH PLAINTIFF'S DMCA § 512(h) SUBPOENA

posted at the direction and via the actions of third parties, and Quizlet has followed the statutory procedures to the letter. Further, it is well established that facts cannot be protected by copyright and, therefore, Plaintiff's content consisting of factual "test preparation materials for students studying to become nurse practitioners" is not protected. Any use of the content that may be copyrightable is fair use, and Quizlet did not engage in any volitional conduct, as required for a claim of copyright infringement.

As to trademark infringement, Quizlet argued that any use of Plaintiff's marks by Quizlet does not create a likelihood of confusion, the touchstone for a claim of trademark infringement. The accused materials use only the term "Barkley," while the asserted marks are directed to "Barkley & Associates." "Barkley" alone, to the extent it is protectable, is a weak, descriptive, mark that signifies a surname. Any use of an alleged trademark constitutes descriptive fair use. And, again, Quizlet itself did not upload any of the accused material.

As to the remaining claims concerning false designation of origin, unfair competition, common law trademark infringement, and unfair business practices, these are meritless, concerning the same set of facts and subject to the same defenses presented for trademark infringement.

During the hearing on the Motion to Dismiss on November 1, 2024, the Court denied Quizlet's motion but Ordered the Parties to meet and confer regarding a limited discovery schedule for the purpose of an expedited Motion for Summary Judgment to be submitted by Quizlet. [*See*, *Id*. at Dkt. 36.] The Court emphasized the need for efficiency, stating that it was inclined to "permit the defendants to move for summary judgment early in the case, essentially immediately" with the goal to be "as efficient as possible." [*See*, Patterson Decl. ¶ 3, Ex. 1 (Transcript, 5:14-5:17; 12:3).]

To that end, the Parties began discovery and exchanged their expedited discovery requests and Rule 26 initial disclosures on November 13, 2024. [*See*,

Patterson Decl., ¶ 4, Ex. 2.] Plaintiff further served a subpoena, unsigned by a clerk of the court, purporting to be under DMCA § 512(h), seeking the identification of the users whose content allegedly includes Plaintiff's alleged copyrighted materials. [*See*, 05964 Case, Dkt. 39, 40.] Quizlet refused to disclose its users' identities. The Parties sought the Court's guidance on this and other discovery matters in briefing and at a hearing on November 22, 2024. [*See*, 05964 Case, Dkt. 42.] At the hearing, the Court denied Plaintiff's request for issuance of subpoena pursuant to 17 U.S.C § 512(h). [*See*, Patterson Decl., ¶ 5, Ex. 3 (Transcript, 35:18-35:22). (stating that the pending lawsuit did not name any "Doe" defendants and therefore the identity of Quizlet's users was irrelevant).]

During discovery, Plaintiff engaged in many tactics designed to delay and frustrate Quizlet's motion for summary judgment and the Court's intention that the lawsuit proceed efficiently. The details of these tactics are described in Defendant's Motion (1) Draw an Adverse Inference on the Issue of Plaintiff's Submitted DMCA Takedown Notifications; (2) Prohibit Plaintiff from Offering Evidence on this Issue; (3) Dismissing this action in Whole or in Part; (4) Entering a Default Judgment Against Plaintiff, or (5) In the Alternative, Compel Deposition of a Witness in the 05964 Case. [*See*, 05964 Case, Dkt. 63.] At this time, three motions are pending before Judge Hsu in that case: Plaintiff's Motion to a File First Amended Complaint [Dkt. 57], Defendant's Motion (1) Draw an Adverse Inference on the Issue of Plaintiff's Submitted DMCA Takedown Notifications; (2) Prohibit Plaintiff from Offering Evidence on this Issue; (3) Dismissing this action in Whole or in Part; (4) Entering a Default Judgment Against Plaintiff, or (5) In the Alternative, Compel Deposition of a Witness [Dkt. 63], and Defendant's *Ex Parte* Application for Order Resetting Briefing Schedule and Specially Setting Hearing on Parties' Motions [Dkt. 69]. Further, the briefing schedule for Quizlet's motion for summary judgment is now in doubt due to Plaintiff's tactics.

On March 5, 2025, Plaintiff served the Subpoena on Quizlet. The Subpoena purports to be under DMCA § 512(h); however, most of the requests in the Subpoena are not directed to discovery that is permitted by that statute, which is limited to "information sufficient to identify the alleged [copyright] infringer of the material described in the notification to the extent such information is available to the service provider." DMCA § 512(h)(3). For example, the Subpoena seeks information regarding users listing history and viewing history, and information related only to trademark such as "information sufficient to identify the alleged infringers selling counterfeit products in the attached declaration and Exhibit A," It is amid Quizlet's preparations for its expedited motion for summary judgment that Plaintiff has now decided to introduce these frivolous and improper issues.

Quizlet now objects and moves this Court to quash the Subpoena.

## III.    ARGUMENT

The Court should quash Plaintiff's Subpoena because (1) it is full of perjurious statements, (2) it is replete with severe overreaching, (3) it was filed simply to harass Quizlet, (4) it seeks relief that has already been denied Plaintiff by Judge Wesley Hsu in the 05964 Case, (5) it seeks information protected by the First Amendment, (6) it seeks information protected as Quizlet's trade secrets, and, (7) to the extent that it seeks information that may, at some point, be discoverable (which Quizlet vehemently denies), the information is not currently discoverable since the premise underlying the requests for information (*i.e.*, that there has been copyright infringement and trademark infringement) is currently being tried in active litigation.

**A.    The Subpoena and Declaration are full of perjurious statements and should not be enforced.**

Fed. R. Civ. P. 11 applies to signed writings filed with a Court (such as the Subpoena), and provides, in pertinent part:

By presenting to the court a pleading, written motion, or other paper—whether by signing, filing, submitting, or later advocating it—

1  an attorney or unrepresented party certifies that to the best of the
2  person's knowledge, information, and belief, formed after an inquiry
3  reasonable under the circumstances:

4  a) [the sworn document] is not being presented for any improper
5  purpose, such as to harass, cause unnecessary delay, or needlessly
6  increase the cost of litigation; [and]

7  b) the factual contentions in the sworn document have evidentiary
8  support or, if specifically so identified, will likely have evidentiary
9  support after a reasonable opportunity for further investigation or
10  discovery.

11  Fed. R. Civ. P. 11(b)(1), (3).

12  Plaintiff's counsel has submitted false statements in the Subpoena and the
13  attached declaration for an improper purpose, running afoul of each of these
14  provisions of Rule 11. Further, Plaintiff's counsel is well aware that these statements
15  are false due to extensive discovery that has been completed in the 05964 Case. In
16  other words, by filing a sworn document with the Court that is replete with
17  falsehoods, for an improper purpose, counsel has violated Rule 11: (1) counsel
18  cannot credibly state that "Quizlet is assisting in the sale of counterfeit goods" [Dkt.
19  1-1, Tamsut Declaration at ¶7] when discovery to which counsel has been privy has
20  shown that there is no such assisting—Quizlet's products are predominantly free,
21  there is no mechanism for users to purchase items from other users on Quizlet's
22  website, and Quizlet's Terms of Use expressly forbid users from posting any content
23  that infringes others' trademarks and other intellectual property [4] [*see*, 05964 Case,

24

25  ───────────
26  [4] Further, the Subpoena and the Declaration state that Quizlet was "on notice" because Plaintiff has submitted a DMCA Takedown Notification on February 20, 2025, with language alleging that Quizlet is engaged in "assisting in the sale of counterfeit goods." This "notice" was not included in that DMCA Takedown Notification. [*See* Subpoena at Ex. 1.]
27
28

Dkt. 27, Marrer Decl. ¶ 10, 11]; and (2) the requests are clearly designed to harass, as they are mostly directed to seeking information that is not subject to discovery under the stated statute (DMCA § 512(h). These violations of Rule 11 are sanctionable offenses.

Other sources of law also demonstrate that submitting sworn false statements to a court (*i.e.*, perjury) is a serious offense that is subject to court-fashioned remedy. *See, e.g.*, 28 U.S.C. § 1927 (requiring anyone "who so multiplies the proceedings in any case unreasonably and vexatiously . . . to satisfy personally the excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct);" *United States v. Blodgett,* 709 F.2d 608, 610 (9th Cir. 1983) (same); *Fink v. Gomez*, 239 F.3d 989, 991 (9th Cir. 2001) (quoting *Roadway Express, Inc. v. Piper*, 447 U.S. 752, 776 (1980)) (supporting a levy of sanctions against a party who has "acted in bad faith, vexatiously, wantonly, or for oppressive reasons."). Demonstrably, committing perjury is acting in bad faith. *Arnold v. Cty. of El Dorado*, No. 2:10-CV-3119 KJM GGH, 2012 U.S. Dist. LEXIS 112398, 2012 WL 3276979, at *4 (E.D. Cal. Aug. 9, 2012).

An appropriate remedy for the perjury and intentional misconduct in this case is for the Court to decline to enforce the Subpoena.

**B.    The Subpoena, purporting to be pursuant to 17 U.S.C. § 512(h), is directed to information not subject to that statute, a significant overreach and an attempt to circumvent Judge Hsu's Order.**

Plaintiff instituted litigation against Quizlet in July 2024, alleging, *inter alia*, copyright infringement and trademark infringement. 05964 Case Dkt. 1. Plaintiff now instituted the instant proceeding, purportedly under the DMCA §512(h). The DMCA applies only to copyright matters, not to trademark matters.

However, the Subpoena and the requested information goes far beyond any discovery related to copyright and permitted by that statute, which is limited to

"information sufficient to identify the alleged [copyright] infringer."[5] The majority of the information sought in Plaintiff's Subpoena is well beyond the scope of "information sufficient to identify the alleged [copyright] infringer." Specifically, Plaintiff's Subpoena seeks detailed records of each Quizlet's users' activity on the website, including download and search history, as well as proprietary information regarding the processes and procedures that Quizlet utilizes in creating its users' accounts.

The Subpoena also seeks information that is related only to trademark matters, but not to copyright matters. [*See*, Subpoena Dkt. 2 (demanding that Quizlet produce "the full and complete listing history associated with each user for all study materials they advertised or sold that mention any of these keywords in any font, stylization, or capitalization: Barkley and Barkley & Associates"; "the full and complete download and viewing history associated with each user for all study materials they advertised or sold that mention any of these keywords in any font, stylization, or capitalization: Barkley and Barkley & Associates"; and "documents that refer or relate to each seller's account verification, account origination, account onboarding, and account set-up.").] However, while "copyright and trademark are related, [they are] distinct property rights, evidenced by different federal statutes governing their protection". *Polar Bear Productions, Inc. v. Timex Corp.*, 384 F.3d 700, 721 (9th Cir. 2004); *see also Comedy III Prods., Inc. v. New Line Cinema*, 200 F.3d 593, 595 (9th Cir. 2000) (recognizing different protections under copyright and trademark).

Even if Plaintiff's demands for Quizlet users' "listing history" and "viewing

---

[5] 17 U.S.C. § 512(h)(3) provides: "The subpoena shall authorize and order the service provider receiving the notification and the subpoena to expeditiously disclose to the copyright owner or person authorized by the copyright owner information sufficient to identify the alleged infringer of the material described in the notification to the extent such information is available to the service provider."

history" were proper under DMCA § 512(h)(3)—they are not—it is clear that Plaintiff's interest in the information it seeks is related to its claims for trademark infringement (the subject of Plaintiff's claims in the 05964 Case) because the demands are focused on the "keywords" "Barkley and Barkley & Associates" in "any font, stylization, or capitalization." Subpoena at Exhibit A.

Plaintiff is attempting to abuse the subpoena process under DMCA § 512(h) to gain an advantage in the 05964 Case. This is blatant gamesmanship, shows bad faith, and an attempt to harass Quizlet. The Court should therefore refuse to enforce the Subpoena. *See, Maximized Living, Inc. v. Google, Inc.,* 2011 U.S. Dist. LEXIS 147486, at *3 (N.D. Cal. Dec. 22, 2011) (referencing the court's order granting the motion to quash, in part because the subpoena sought more information than that which was sufficient to identify the accused infringer); *In re DMCA Subpoena to eBay, Inc*., No. 15cv922-BEN-MDD, 2015 U.S. Dist. LEXIS 73341, at *10 (S.D. Cal. June 5, 2015) ("this subpoena is overbroad to the extent that it calls for the production of information that is more than sufficient to identify alleged infringers").

Further, and most importantly, Plaintiff has already filed a request in the 05964 Case for the issuance of a subpoena seeking the same relief as in the instant matter, including information regarding at least one of the same Quizlet users sought in the Subpoena. [*See,* 05964 Case Dkt. 39, 40.] Following a hearing on this matter, at which Plaintiff's counsel urged the Court to issue the requested subpoena, the Court issued an Order specifically denying this request. *Id*., Dkt. 42. Requiring Quizlet to comply with the Subpoena would directly contravene Judge Hsu's November 22, 2024, Order. For this reason, too, the Court should not enforce the Subpoena.

C.    **The Court should grant Quizlet' Motion to Quash because the users'**
**identities are protected by the First Amendment.**

The First Amendment to the United States Constitution protects the rights of individuals to speak anonymously. *In re Subpoena To: Reddit, Inc*., 2024 U.S. Dist. LEXIS 21754, *7 (N.D. Cal. February 7, 2024). The Ninth Circuit recognizes that the decision to remain anonymous extends to anonymous speech made on the internet. *In re Anonymous Online Speakers*, 661 F.3d 1168, 1173 (9th Cir. 2011) ("[O]nline speech stands on the same footing as other speech — there is 'no basis for qualifying the level of First Amendment scrutiny that should be applied' to online speech.") (*quoting Reno v. Am. Civil Liberties Union*, 521 U.S. 844, 870, 117 S. Ct. 2329, 138 L. Ed. 2d 874 (1997)).

Disclosure of anonymous users' identities is appropriate only in the exceptional case where the compelling need for the discovery sought outweighs the First Amendment rights of the anonymous speaker. *In re Reddit, Inc*., 671 F. Supp. 3d 1022, 1025 (N.D. Cal. 2023). When adjudicating discovery requests that would unmask an anonymous speaker, therefore, Courts must consider the First Amendment implications of disclosure—just as they would when adjudicating any other discovery request that risks infringing First Amendment rights. *In re DMCA § 512(H) Subpoena to Twitter, Inc*., 608 F. Supp. 3d at 876. Courts must balance the plaintiff's interest in the disclosures against the constitutional burden that disclosure would impose on the defendants. Operationally, the inquiry consists of two steps: (1) the party seeking the disclosure must demonstrate a *prima facie* case on the merits of its underlying claim; and (2) the court balances the need for the discovery against the First Amendment interest at stake. *Id.* Here, these two steps demonstrate that the information sought by Plaintiff is protected by the First Amendment and should not be discoverable.

1.  **Barkley & Associates cannot demonstrate a *prima facie* case of copyright infringement on the merits.**

Contemporaneously with serving the Subpoena, Plaintiff has alleged copyright infringement against Quizlet in the 05964 Case. Quizlet has answered Plaintiff's complaint, asserting, *inter alia*, defenses of (1) no use of any copyrightable material; (2) lack of substantial similarity; (3) fair use; and (4) unclean hands.[6] [*See*, 05964 Case, Dkt. 41.] While that case was filed only against Quizlet and not against Quizlet's users, these defenses present threshold questions of whether there has even been any copyright infringement. To the extent that there has not been copyright infringement based on any of these theories (or others described below), Plaintiff cannot establish a *prima facie* case of copyright infringement.[7, 8]

---

[6] Quizlet has also defended against the trademark infringement claims with similar defenses.

[7] This is an independent reason for the Court to suppress the Subpoena. The matters alleged in the Subpoena are currently contested in active litigation. To the extent that this Court permits discovery under the Subpoena, it is possible that this outcome would be in tension with the outcome of the 06954 Case.

[8] In addition to these defenses, during discovery, Quizlet has adduced evidence demonstrating that Plaintiff, by submitting its DMCA Takedown Notifications, has engaged in copyright misuse and therefore must be precluded from asserting the copyrights at issue. [*See* 05964 Case Dkt. 63 (Defendant's Motion (1) Draw an Adverse Inference on the Issue of Plaintiff's Submitted DMCA Takedown Notifications; (2) Prohibit Plaintiff from Offering Evidence on this Issue; (3) Dismissing this action in Whole or in Part; (4) Entering a Default Judgment Against Plaintiff, or (5) In the Alternative, Compel Deposition of a Witness), providing a brief summary of this evidence which will be presented more fully in Quizlet's upcoming motion for summary judgment.]

Plaintiff's copyright misuse and improper attempts to enlarge the scope of any possible copyright that it might own extends to the Subpoena: the Subpoena seeks information related to trademark under the guise of a subpoena directed to copyright, and the copyright infringement alleged in the DMCA Takedown Notice included with the Subpoena is subject to the same defenses described above that were asserted
*(footnote continued)*

### 2.    The need for discovery does not outweigh the First Amendment interests.

In the Declaration, counsel asserts that the requested information "will only be used for the purposes of protecting the rights granted to Barkley & Associates, [sic] under Title II of the Digital Millenium Copyright Act." Dkt. 1 at ¶10. Plaintiff does not specify which rights it seeks to protect and none are easily discernable.

If Plaintiff seeks to have the allegedly infringing materials removed from Quizlet's site, the most direct method of doing so is to file a DMCA Takedown Notification with Quizlet. Indeed, Plaintiff has filed numerous such Notifications with Quizlet and, in each case, Quizlet has acted expeditiously to remove the content—including the content noticed in the February 20, 2025, Takedown Notification attached to the Subpoena. Further, it would be surprising if Plaintiff were to sue Quizlet's users for copyright infringement, since these users (according to Plaintiff) are the very ones who are interested in Plaintiff's content; rationally, Plaintiff would have no motive to sue these users. Instead, it is more likely that Plaintiff will contact these users in an attempt to sell them Plaintiff's materials—however, this is not a right recognized under the DMCA.

In the balancing inquiry to determine whether to permit discovery that implicates First Amendment rights, courts consider four factors. *In re DMCA § 512(H) Subpoena to Twitter, Inc.,* 608 F. Supp. 3d at 876. None of these factors weigh in favor of enforcing the Subpoena:

**(a) whether the subpoena seeking the information was issued in good faith and not for any improper purpose**—as explained, the Subpoena was issued in bad faith, contrary to an Order by Judge Hus, and is full of falsehoods and overreach.

---

in the 05964 Case, and therefore, the assertion of these copyrights amount to copyright misuse.

**(b) whether the information sought relates to a core claim or defense**—the information sought by the Subpoena is not necessary to support a claim for copyright infringement or trademark infringement, and, in any event, trademark infringement is not properly the subject of the Subpoena;

**(c) whether the identifying information is directly and materially relevant to that claim or defense**—this factor weighs against Plaintiff for the same reasons described for factor (b); and

**(d) whether information sufficient to establish or to disprove that claim or defense is unavailable from any other source**—none of the sought information is necessary or sufficient to support any claim that Plaintiff may have.

Because the information sought in the Subpoena is protected by the First Amendment, the Court should not enforce it.

**D.    The Court should not enforce the Subpoena because the information sought constitutes Quizlet's trade secret.**

Pursuant to Cal Civ Code § 3426.1, a "trade secret" is defined as "information, including a formula, pattern, compilation, program, device, method, technique, or process, that: (1) derives independent economic value, actual or potential, from not being generally known to the public or to other persons who can obtain economic value from its disclosure or use; and (2) is the subject of efforts that are reasonable under the circumstances to maintain its secrecy."

The case law supports the proposition that customer lists constitute trade secret information. *See, e.g., VBS Distribution v. Nutrivita Labs., Inc*., No. SACV 16-01553-CJC(DFMx), 2020 U.S. Dist. LEXIS 199775, at *8-9 (C.D. Cal. Sep. 28, 2020). A customer list is protectable when it "would allow a competitor[9] to direct its sales efforts to those customers who have already shown a willingness to use a

---

[9] Quizlet and Barkley & Associates are not competitors; however, the same principle applies.

DEFENDANT'S MOTION TO QUASH PLAINTIFF'S DMCA § 512(h) SUBPOENA

unique type of service or product as opposed to a list of people who only might be interested." *Id*. (internal citations omitted). As described above, it appears that Plaintiff's intent is to direct its sales efforts to the identified users. Plaintiff therefore, seeks Quizlet's trade secret information, likely to use for a purpose explicity stated by courts to be improper.

Accordingly, since Quizlet's customer list is a trade secret, Quizlet should not be compelled to disclose it.

## IV.    CONCLUSION

For the foregoing reasons, the Court should quash the Subpoena seeking the disclosure of the identities of Quizlet's users of the February 20, 2025, DMCA Takedown Notification.


*Respectfully submitted,*

March 19, 2025                                    **WILSON ELSER MOSKOWITZ
                                                  EDELMAN & DICKER LLP**

                                                  */S. Ryan Patterson/*
                                                  S. Ryan Patterson
                                                  Attorneys for Defendant Quizlet, Inc.