Brian S. Tamsut, No. 322,780 btamsut@socalip.com
Michael D. Harris, No. 59,470 mharris@socalip.com
Jonathan P. Pearce, No. 245,776 jpearce@socalip.com
SOCAL IP LAW GROUP LLP
310 N. Westlake Blvd., Suite 120
Westlake Village, CA 91362-3788
Phone: (805) 230-1350

Attorneys for Plaintiff Barkley & Associates, Inc.

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA – WESTERN DIVISION**

| | |
|---|---|
| In re Application for Subpoena under DMCA § 512 of Barkley & Associates, Inc. | Case No.: 25-mc-0010-WLH(Ex) <br><br> Plaintiff Barkley's Opposition to Defendant Quizlet Inc.'s Motion to Quash Plaintiff's DMCA § 512(h) Subpoena <br><br> Magistrate Judge Charles F. Eick <br> No Hearing |

**TABLE OF CONTENTS**

A. Introduction ..................................................................................................3

B. Argument .....................................................................................................3

   1. The First Amendment only protects online political, religious, and similar speech but not the infringers' copyright infringement. ..................................................................3

   2. Quizlet's allegations of false statement are inappropriate because they allege no specific facts. ...............................................6

   3. Barkley served the subpoena so it could learn the infringers' identities to sue them. ...................................................7

C. Conclusion ...................................................................................................7

# TABLE OF AUTHORITIES

**Cases**

*Art of Living Found. v. Does 1-10*, No. 10-CV-05022-LHK, 2011
    WL 5444622 (N.D. Cal. Nov. 9, 2011) ............................................... 4, 5

*In re Anonymous Online Speakers*, 661 F.3d 1168
    (9th Cir. 2011) ..................................................................................... 4, 5

*In re DMCA § 512(h) Subp. to Twitter, Inc.*, 608 F. Supp. 3d 868
    (N.D. Cal. 2022) .................................................................................... 5,7

*Harper & Row. Publishers, Inc. v. Nation Enters.*, 471 U.S. 539
    (1985) ....................................................................................................... 5

*Signature Mgt. Team, LLC v. Automattic, Inc.*, 941 F. Supp. 2d
    1145 (N.D. Cal. 2013) .............................................................................. 5

*Sony Music Entertainment v. Doe,* 326 F. Supp. 2d 556, (S.D.N.Y.
    2004) ..................................................................................................... 4, 5

**Statutes**

17 U.S.C. § 512 ............................................................................................. 3, 7

**Other**

*Fed. R. Civ. P.* 11 ............................................................................................. 6

## A. INTRODUCTION

Plaintiff Barkley provides practice exams and textbooks to nursing students studying for their certification exams. Some nursing students make unlicensed copies of these textbooks and exams and then post them to the Quizlet.com website. Despite Barkley filing DMCA takedowns and suing in federal court, Quizlet still encourages users to upload Barkley's pirated textbooks and study materials and then promotes its site as a source of Barkley's copyrighted materials. Worse yet, Quizlet uses these pirated textbooks and study materials to train an AI chatbot Q-chat which users use to distribute pirated study materials to each other and cheat on exams.

Barkley requires the name and contact information of each user identified in its 17 U.S.C. § 512 subpoena because the statute entitles Barkley to determine whether to add these users to a lawsuit.

## B. ARGUMENT

### 1. The First Amendment only protects online political, religious, and similar speech but not the infringers' copyright infringement.

Where online speech raises at least some constitutional protections, courts in the Ninth Circuit apply a two-part test for determining whether to allow discovery seeking the identity of an anonymous defendant:

> (1) The plaintiff must produce competent evidence supporting a finding of each fact that is essential to a given cause of action; and (2) if the plaintiff makes a sufficient evidentiary showing, the court must compare the magnitude of the harms that would be caused to the competing interests by a

ruling in favor of the plaintiff and by a ruling in favor of the defendant.

*Art of Living Found. v. Does 1-10*, No. 10-CV-05022-LHK, 2011 WL 5444622, at *7 (N.D. Cal. Nov. 9, 2011). Political speech is afforded more First Amendment protection than infringing speech. *In re Anonymous Online Speakers*, 661 F.3d 1168 (9th Cir. 2011) ("We suggest that the nature of the speech should be a driving force in choosing a standard by which to balance the rights of anonymous speakers in discovery disputes."). "[A] more rigorous standard may be applicable where the defendant's speech is political, religious or literary, while commercial speech should be subject to a lesser standard." *Art of Living Found*, 2011 WL 544622, at *14.

Pointing to such non-political speech, the court in *Art of Living* considered *Sony Music Entertainment v. Doe*, where the court indicated "[a]nonymous speech…does not have absolute protection. The First Amendment…does not protect copyright infringement, and the Supreme Court, accordingly, has rejected First Amendment challenges to copyright infringement actions." 326 F. Supp. 2d 556, 562-63 (S.D.N.Y. 2004) (citing *Harper & Row. Publishers, Inc. v. Nation Enters.*, 471 U.S. 539 (1985). In *Sony*, the court ultimately ruled that the purported infringers whose identities Sony sought were entitled to First Amendment protection, but that protection did not extend to unlawful copyright infringement. *Sony* 326 F. Supp. 2d at 567 ("In sum, defendants' First Amendment right to remain anonymous must give way to plaintiffs' right to use the judicial process to pursue what appear to be meritorious copyright infringement claims.").

In contrast, the speech in every case Quizlet cites is political, religious, or has other reasons for allowing the Internet posters' anonymity.

These are all situations unlike the present case where ongoing and repeated copyright infringement is alleged.

For example, *In re Anonymous Online Speakers*, 661 F.3d 1168 (9th Cir. 2011), one company Quixtar tried to learn who at a second company, TEAM, orchestrated an Internet "smear campaign via anonymous postings and videos disparaging and [Quixtar's] business practices." *Id.* at 1171. The court held the speech to be protected because it was like any other non-online speech. *Id.* at 1173.

Another case Quizlet cites, *In re DMCA § 512(h) Subp. to Twitter, Inc.*, 608 F. Supp. 3d 868, 874 (N.D. Cal. 2022), involved a Twitter post critical of a person the opinion calls "MoneyBags" tweeted about a private equity billionaire's wealth and alleged lifestyle. *Id.* at 874–75. The court quashed the subpoena because the online posts were like non-online posts subject to First Amendment protections. *Id.* at 876.

> "Where the nature of the speech is public criticism, even if not explicitly political or religious, and disclosure of an anonymous speaker's identity could have a chilling effect on such public criticism, then at least some First Amendment concerns are at stake. The degree of scrutiny varies depending on the circumstances and the type of speech at issue."

*Signature Mgt. Team, LLC v. Automattic, Inc.*, 941 F. Supp. 2d 1145, 1154 (N.D. Cal. 2013).

Here, the nature of the speech was neither political nor religious. The people whose identities are sought are copyright infringers. Barkley seeks their identities to sue them. *Sony* and *Art of Living Found* both indicate that the information sought by Barkley here is precisely the type when the First Amendment must give way to Barkley's copyright rights.

Like in *Sony* where the court did not quash a subpoena filed under section 512 of the DMCA because users were distributing illegal copies of music songs, here Quizlet's users are distributing illegal copies of Barkley study materials.

### 2. Quizlet's allegations of false statement are inappropriate because they allege no specific facts.

In over two pages, Quizlet alleges Barkley's declaration has false statements. Though it explains why false statements violate FED. R. CIV. P. 11, it mentions and quotes only one "Quizlet is assisting in the sale of counterfeit goods." In response, Quizlet's only protest that its "products are predominately free." So, Quizlet is effectively arguing that Barkley's statement is "verifiably false" because its users offer infringing Barkley products on its "predominately free" website. One, Quizlet apparently admits that it charges at least *some* customers for access to Barkley content. So, the alleged "false statements" submitted in support of Barkley's subpoena are admitted by Quizlet to be at least partially true. Two, Quizlet's self-selected business model – be it advertisements, self-promotion, or subscription revenue – has very little bearing on the ultimate claim. Quizlet offers Barkley's copyrighted content on its website and makes money doing so. In the process, Quizlet either assists or turns a blind eye to the ongoing infringement by its users. And, Barkley seeks to uncover the identities of these infringers so that it may pursue valid, copyright claims against them. Quizlet's perjury claim is incorrect and, largely irrelevant to the matter at hand – a subpoena seeking information about these accused infringers. Notably, Quizlet does not deny that these users infringe, attempt to defend their posting of copyrighted Barkley content, or allege that Barkley's copyright is somehow invalid.

### 3. Barkley served the subpoena so it could learn the infringers' identities to sue them.

Some information Barkley will obtain may help it in its suit against Quizlet, and Judge Hsu limited Barkley's discovery. But the Court did not prevent Barkley from learning information regarding other infringers through other means, and the Court did not order Barkley not to sue other infringers. Quizlet points to no such order. 17 U.S.C. § 512(h) entitles Barkley to the information sought and Quizlet offers no justiciable reason why it should not be provided.

## C. CONCLUSION

The DMCA, 17 U.S.C. § 512, grants Barkley the right to identify copyright infringers to sue them when it served a valid DMCA takedown. The First Amendment does not protect infringers' identities. Therefore, Barkley requests the Court deny Quizlet's motion to quash the subpoenas.

Dated: April 25, 2025

/s/ Brian Tamsut
Brian Tamsut
SOCAL IP LAW GROUP LLP

Attorney for Plaintiff Barkley & Associates, Inc.