UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

## CIVIL MINUTES – GENERAL

| Case No. | 25-MC-0010-WLH(Ex) | Date | April 30, 2025 |
|---|---|---|---|

| Title | IN RE THE MATTER OF THE APPLICATION OF BARKLEY & ASSOCIATES, INC. |
|---|---|

Present: The Honorable   Charles F. Eick, United States Magistrate Judge

| Valencia Munroe | None | None |
|---|---|---|
| Deputy Clerk | Court Reporter/Recorder | Tape No. |

**Attorneys Present for Plaintiffs:**           **Attorneys Present for Defendants:**
None                                                            None

**Proceedings:**       **(IN CHAMBERS)**

In this miscellaneous action, Barkley & Associates, Inc. ("Barkley") filed a "Request to the Clerk for Issuance of Subpoena Pursuant to 17 U.S.C. § 512(h), etc." ("the Request") on February 24, 2025. Quizlet, Inc. ("Quizlet") filed a "Motion to Quash, etc." ("the Motion") on March 19, 2025. Barkley filed Opposition to the Motion on April 25, 2025.

According to the Request, Barkley previously sent Quizlet "an official notification under Section 512(c) of the Digital Millenium Copyright Act" ("DMCA") to remove Barkley's copyright protected content found at certain links on quizlet.com (Doc. 1-2, pp. 2-6). Barkley alleges that Quizlet "has hosted a number of usernames that sell bootleg versions" of Barkley's copyright protected content (Doc. 1-1, pp. 2-3). The Request seeks issuance of a subpoena to Quizlet, ostensibly for the purpose of identifying the persons who assertedly sold the "bootleg versions" under the usernames (Doc. 1-1, pp. 2-4).

The Motion seeks to quash the subpoena, arguing, <u>inter alia:</u> (1) the requested subpoena "goes far beyond any discovery related to copyright and permitted by [DMCA § 512(h)]" (Doc. 5-1, pp. 12-13); (2) enforcing the subpoena would "directly contravene" an order issued by Judge Hsu on November 22, 2024, in <u>Barkley & Associates, Inc. v. Quizlet, Inc.</u>, CV 24-5964-WLH(Ex) ("Action 24-5964") (Doc. 5-1, p. 14); and (3) the requested subpoena would violate Quizlet users' First Amendment right to speak anonymously. As discussed below, argument (1) is well taken, argument (2) is not well taken, and argument (3) is not yet in a procedural posture to be considered properly.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

# CIVIL MINUTES – GENERAL

| Case No. | 25-MC-0010-WLH(Ex) | Date | April 30, 2025 |
|---|---|---|---|
| Title | IN RE THE MATTER OF THE APPLICATION OF BARKLEY & ASSOCIATES, INC. | | |

      As to argument (1), section 512(h) of Title 17 U.S.C. authorizes a subpoena for the disclosure of "information sufficient to identify the alleged infringer of the material described in the [DMCA] notification to the extent such information is available to the service provider." 17 U.S.C. § 512(h)(3). The subpoena requested here is far broader than that authorized by section 512(h). The subpoena seeks documents relating to trademark as well as copyright (Doc. 1-3, p. 4). The subpoena also seeks many other documents beyond those merely "sufficient to identify" the alleged copyright infringers, including documents that show "complete account information," "complete listing history" and "complete download and viewing history" (id.).[1] Accordingly, the Request is denied and the Motion is granted.

      Because the end of the present proceeding will not necessarily signal the end of the parties' discovery disputes, the Magistrate Judge briefly will address arguments (2) and (3). As to argument (2), it appears that Judge Hsu has not issued any order in Action 24-5964 precluding Barkley from pursuing a subpoena under section 512(h). To the contrary, it appears from pages 35-37 of the November 22, 2024 transcript of proceedings, filed February 28, 2025 in Action 24-5964, that Judge Hsu declined to issue such an order. The transcript seems to reflect that Judge Hsu did advise the parties that a section 512 subpoena would be outside of the early discovery he envisioned for Action 24-5964, but the transcript certainly does not reflect that Judge Hsu precluded Barkley from pursuing such a subpoena in a separate proceeding. As to argument (3), there is no indication on the present record that the persons whose identities Barkley seeks to discover have received notice and an opportunity to be heard regarding their possible First Amendment right to speak anonymously. Before the parties again seek judicial intervention into this dispute, Quizlet shall give, or attempt to give, such notice to all such persons. See Cognosphere PTE.LTD. v. X Corp., 2024 WL 4227594, at *8 (N.D. Cal. Sept. 18, 2024); see also In re Ex Parte Application of Gregory Gliner, etc., 133 F.4th 927, 935 (9th Cir. 2025).

---

[1] The subpoena further includes a provision which, although unclear, appears to extend the compass of the subpoena to all documents Quizlet possesses concerning "seller[s] or supplier[s]." This provision reads: "Insofar as a document request asks for a document showing information about Quizlet seller or supplier and You have documents showing different information for the seller or supplier, you must product [sic] documents showing the different information" (Doc. 1-3, p. 3).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| Case No. | 25-MC-0010-WLH(Ex) | Date | April 30, 2025 |
|---|---|---|---|
| Title | IN RE THE MATTER OF THE APPLICATION OF BARKLEY & ASSOCIATES, INC. | | |

    Finally, given the disposition herein, the Magistrate Judge need not and does not reach any of the other issues discussed in the Motion.

cc:    Judge Hsu
        All Counsel of Record

Initials of Deputy Clerk  VMUN